44162. SALERNO v. BOARD OF DENTAL EXAMINERS.

ARGUED JANUARY 14, 1969—DECIDED MAY 9, 1969— REHEARING DENIED MAY 23, 1969—

744

Adams, O'Neal, Steele, Thornton, Hemingway & McKinney, H. T. O'Neal, Jr., John D. Hemingway, for appellant.

Arthur K. Bolton, Attorney General, J. Robert Coleman, Alfred L. Evans, Assistant Attorneys General, John W. Hinchey, Deputy Assistant Attorney General, for appellee.

HALL, Judge. 1. The practice of dentistry is regulated by statute, the enactments being set out in Code Ann. Ch. 84. A 1937 Act gives the Board of Dental Examiners power to revoke the license of a dentist for causes enumerated in the law, one of which is unprofessional dental conduct, including "employing directly or indirectly any suspended or unlicensed dentist to perform dental operations." Ga. L. 1937, p. 627, as amended (Code Ann. § 84-724 (4)). That Act provides the procedure to be followed by the board to revoke a license: "Proceedings under this chapter shall be taken by the Board of Dental Examiners from matters within its knowledge or upon accusation based upon information of another. Said accusation must be in writing and under oath verified by the person making the same. If by a member of the board, he shall be disqualified from sitting in judgment at the hearing of said accusation. Upon receiving any such accusation, the board shall serve notice of the time, place of the hearing and a copy of the charges upon the accused at least 30 days before the date of the hearing." Code Ann. § 84-716.

The respondent contends that the superior court should have reversed the decision of the Board of Dental Examiners because

it was made upon unlawful procedure. This is one of the grounds for reversal of decisions of administrative tribunals enumerated by the Georgia Administrative Procedure Act (Ga. L. 1964, p. 338; *Code Ann.* § 3A-120 (h) (3)). The respondent argues that it was unlawful procedure that the order served upon the respondent to notify him of the proceedings did not state that the charges were made by the board upon information within its own knowledge, or that they were based upon information of another, and that no verified accusation was served on the respondent. If in fact the proceedings were not taken either from matters within the knowledge of the board or upon a written verified accusation, this would invalidate the proceedings and be a ground for reversal. However, the respondent's motions presented the issue that the failure to serve the respondent with a written verified accusation invalidated the proceedings as a matter of law. The statute (*Code Ann.* § 84-716) does not require this. The record does not show that the respondent raised issues, or sought to present evidence, that the board in fact was without knowledge of the matters charged and that no other person made a written, verified accusation. The only evidence pointed out—the testimony of a special investigator for the Secretary of State's office that he, with assistance of other agents, made an investigation concerning the respondent, completed a report and brought the complaint to the board and requested that action be taken—does not show that no written, verified accusation was made. The notice of hearing served on the respondent complied with the requirements of the Administrative Procedure Act. *Code Ann.* § 3A-114. The board did not err in overruling the respondent's motions.

2. The respondent argues that furnishing to him the magnetic tape upon which the proceedings were recorded, rather than a written transcript from the tape, did not comply with the following requirement of the Administrative Procedure Act, *Code Ann.* § 3A-114(8) (B): "A record shall be kept in each contested case and shall include: . . . (B) A summary of the oral testimony plus all other evidence received or considered, except that oral proceedings, or any part thereof, shall be transcribed or recorded upon request of any party. Upon written request there-

for, a transcript of such oral proceeding, or any part thereof, shall be furnished to any party of the proceeding. The agency shall set a uniform fee for such service."

The board rendered its decision on June 7, 1966. As a ground of the appeal filed in the superior court on July 5, 1966, the respondent alleged that on May 16, 1966 (seven days after the hearing) he had requested a transcript of the evidence in accordance with the statute but had been able to obtain only a magnetic tape *which he could not decipher, a photograph of which was attached to the appeal;* and that the board had not supplied him with a transcript of the evidence presented at the hearing, and officials of the board had informed him that they were trying to provide him with a transcript but lacked the facilities to do so. The board filed an answer to the appeal on August 3, 1966, admitting the respondent's aforesaid allegations except those italicized, and with its answer filed a "transcription of recording tape" of the proceedings before the board in the respondent's case. After argument on the appeal the court entered its order affirming the board's decision on September 9, 1968.

It appears that the answer, showing that the record of the proceedings before the board was tendered into court, was served on the respondent by mailing on August 3, 1966, but it does not appear that the respondent was served with a copy of the transcript of proceedings filed. This should have been done to comply with the law upon payment of the prescribed fee (*Code Ann.* § 3A-114 (8) (B)), if the respondent had not already been furnished with a transcript. However, it does not appear that the respondent took any action other than that alleged in his appeal to obtain the transcript, and the respondent made no showing on the appeal that he was prejudiced by not being furnished a copy by the board. See *Code Ann.* § 3A-120.

The court did not err in finding this ground without merit.

3. The circumstantial evidence presented at the hearing was sufficient to support the board's conclusion that the respondent used unlicensed persons to perform services which were dental operations, as charged in the notice served upon respondent. Such conduct of a dentist is prohibited by law and authorized

revocation of respondent's license. Ga. L. 1937, p. 627, as amended (Code Ann. § 84-724).

Judgment affirmed. Jordan, P. J., and Whitman, J., concur.